# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| KATHRYN A. C., | Case No.  1:23-cv-00002-DCN-REP |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| KILOLO KIJAKAZI, acting Commissioner of Social Security, | |
| Defendant. | |

Pending is Plaintiff's Complaint (Dkt. 1) appealing the Social Security Administration's final decision finding her not disabled and denying her claim for disability insurance benefits. *See* Compl. (Dkt. 1).  This action is brought pursuant to 42 U.S.C. § 405(g).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Report and Recommendation.

## I.  ADMINISTRATIVE PROCEEDINGS

On January 7, 2020, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging an onset date ("AOD") of December 28, 2018.  AR[1] 309-10.  Plaintiff subsequently filed an application for Supplemental Security Income under Title XVI on April 6, 2020, with the same AOD.  AR 311-17.  These applications were denied on November 4, 2020, and again on reconsideration June 16, 2021.  AR 166-99, 202-17.  On July 1, 2021, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ").  AR

---

[1] Citations to "AR __" refer to the page cited in the administrative record.

**REPORT AND RECOMMENDATION - 1**

218.  On December 15, 2021, ALJ Stephen Marchioro held a video hearing, at which time

Plaintiff, represented by attorney Robert J. Levine, appeared and testified.  AR 71-96.

On January 10, 2022, the ALJ issued an unfavorable decision, finding Plaintiff not

disabled within the meaning of the Social Security Act.  AR 37-59.  Plaintiff timely requested

review by the Appeals Council.  AR 1.  The Appeals Council denied her request for review on

November 7, 2022, making the ALJ's decision the final decision of the Commissioner of Social

Security.  *Id.*

Plaintiff filed this action, asserting two points of error: (i) that the ALJ's residual

functioning capacity ("RFC") determination is unsupported by substantial evidence because it

fails to account for Plaintiff's moderate limitations in concentration, persistence, and pace; and

(ii) that the ALJ erred in rejecting the medical opinion of Kristen Deschene, M.D. without

addressing the consistency or supportability of that opinion.  Pln.'s Br at 1.  Plaintiff requests

that the Court reverse the ALJ's decision and remand the case for further proceedings.  *Id.* at 20.

## II.  <u>STANDARD OF REVIEW</u>

To be upheld, the Commissioner's decision must be supported by substantial evidence

and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th

Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are

conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the

ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See*

*Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v.*

*Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less

**REPORT AND RECOMMENDATION - 2**

than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## III. <u>REPORT</u>

### A. The Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

**REPORT AND RECOMMENDATION - 3**

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant is engaged in SGA, disability benefits are denied regardless of his or her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are

**REPORT AND RECOMMENDATION - 4**

awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

### B.  The ALJ's Findings

The ALJ found that Plaintiff had not engaged in SGA since December 28, 2018, the AOD.  AR 42.  At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: a spinal disorder, migraine headaches, obesity, depression, and anxiety.  *Id.* Yet, the ALJ found that none of these impairments, either singly or in combination, met or

equaled the severity of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  AR

44.  Between steps three and four, the ALJ found that Plaintiff had the following RFC:

> [C]laimant has the residual functional capacity to perform light work as defined in
> 20 C.F.R. 404.1567(b) and 416.967(b), except the claimant can only frequently
> balance as that term is defined in the Selected Characteristics of Occupations
> ("SCO").  She can only occasionally climb ramps or stairs, stoop, kneel, crouch,
> and crawl.  She can never climb ladders, ropes, or scaffolds.  She can frequently
> handle and finger with the bilateral upper extremities.  She can only occasionally
> be exposed to extreme cold or extreme heat.  She must avoid all exposure to
> unguarded moving mechanical parts, such as table saws, band saws, or exposure
> to mechanical gears, and unprotected heights.  She is precluded from a work
> environment involving flashing or strobe lights. She is limited to work that
> consists of no more than simple, routine tasks.

AR 48.  Due to this RFC, the ALJ found that Plaintiff could not perform any past relevant work.

AR 57.  However, considering Plaintiff's age, education, work experience, and RFC, the ALJ

found that Plaintiff could perform work existing in significant numbers in the national economy.

AR 58.  Accordingly, the ALJ found that Plaintiff was not disabled.  AR 59.

**C. Discussion**

    1.  <u>The ALJ did not err in incorporating Plaintiff's mental limitations in the RFC.</u>

    Plaintiff argues that the ALJ did not adequately explain how (if at all) the RFC accounted

for Plaintiff's mental limitations in concentration, persistence, and pace found at step three.

Pln.'s Br. at 11-14.  Consequently, Plaintiff argues, this Court cannot meaningfully review

whether the ALJ's RFC determination is supported by substantial evidence. [2]  *Id.* at 14-15.

    "A claimant's RFC is what a claimant can still do despite h[er] limitations."  *Moriarty v.*

*Colvin*, Case No. CV 14-6909 RNB, 2015 WL 4397913, at *1 (C.D. Cal. July 17, 2015) (citing

---

[2] Plaintiff also raises an argument that the ALJ's step five finding is unsupported by substantial
evidence because the RFC was incomplete.  Pln.'s Br. at 15-17.  However, this argument is
superfluous, as a finding by this Court that the ALJ's RFC determination is unsupported by
substantial evidence would necessarily extend to the ALJ's step five finding.  Thus, the Court
does not address this argument.

*Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996)).  The ALJ bears the responsibility of "translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).  "In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record."  *Mendoza v. Kijakazi*, Case No. 1:19-cv-1371-HBK, 2022 WL 715096, at *4 (E.D. Cal. Mar. 10, 2022) (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005)). An ALJ's RFC findings must be consistent with, but not identical to, the credible and properly supported limitations on the record.  *Id.* (citing *Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010)); *see also Lee v. Colvin*, 80 F. Supp. 3d 1137, 1150 (D. Or. 2015) (explaining that, with respect to limitations in concentration, persistence, and pace, "the ALJ's findings must be consistent with the restrictions supported in the medical testimony").

At step two, the ALJ found that Plaintiff had "no more than a moderate limitation" in concentrating, persisting, or maintaining pace.  AR 47.  The ALJ further explained that the mental limitations identified at step two of the sequential process were not an RFC assessment, but that the RFC "reflects the degree of limitation" the ALJ found in the step two mental functional analysis.  AR 48.  With respect to the RFC, the ALJ found that Plaintiff was "limited to work that consists of no more than simple, routine tasks."  *Id.*  The question presented in this case, then, is whether that limitation adequately captures Plaintiff's undisputed limitations in concentration, persistence, and pace, or if the ALJ needed to offer something more to support his RFC findings.

The cases relied on by the parties, give conflicting and somewhat confusing answers to that question.  On one hand, Defendant relies on *Stubbs-Danielson v. Astrue*, for the premise that an RFC limitation to "simple, routine, repetitive tasks" adequately accounts for moderate

limitations in concentration, persistence, and pace.  539 F.3d 1169, 1174 (9th Cir. 2008).  On the other hand, Plaintiff relies on several cases that distinguish *Stubbs-Danielson*, holding that *Stubbs-Danielson* only applies when the medical evidence does not supply any "specific restrictions based on a claimant's difficulty with concentration, persistence, or pace[.]" *Woodward v. Colvin*, 2015 WL 8023227, at *7 (Dec. 4, 2015); *see also Lee*, 80 F. Supp. 3d at 1150-51.

This case is more like *Stubbs-Danielson* than it is to the cases relied on by Plaintiff. Here, the only limitations articulated by any medical source come from the State Agency medical consultants, who recommended limitations entirely consistent with those adopted in the RFC.  AR 112 ("Claimant retains capacity for mental demands as required in unskilled activities"); AR 132 (same); AR 145 ("Claimant retains sufficient concentration and persistence to effectively carry out basic tasks at a steady pace, adhere to a work schedule and complete a workday and workweek"); AR  157 (same).

This case does not present a situation like *Woodward* – relied on by Plaintiff – where the ALJ found *greater* limitations in concentration, persistence, and pace than those of the medical opinions but nonetheless failed to explain how those increased limitations were accounted for in the RFC.  2015 WL 8023227, at *7.  Nor is this case similar to *Lubin v. Commissioner of Social Security Administration*, where an ALJ found that the claimant was limited to "one to three steps tasks" notwithstanding medical opinion testimony indicating that the claimant "was unable to maintain persistence and pace for 8 hours a day, 5 days a week; and had problems with concentration."  507 F. App'x 709, 711-12 (9th Cir. 2013).

In short, the ALJ's RFC findings are consistent with the medical opinion evidence, which reflects no specific limitations with respect to Plaintiff's concentration, persistence, or ability to

**REPORT AND RECOMMENDATION - 8**

maintain pace.  Accordingly, the ALJ's RFC finding that Plaintiff is limited to "no more than simple, routine tasks" adequately accounts for Plaintiff's mental limitations.

    2.   <u>The ALJ erred in discussing medical opinion evidence, but that error was harmless.</u>

In July of 2019, Plaintiff presented to Kristen Deschene, M.D. for a follow-up evaluation related to her chronic back pain.  AR 468.  Plaintiff reported pain in her mid to low back at "an 8-10 . . . with movement and otherwise a 4/10 constantly."  *Id.*  Physical examination revealed mild paraspinal tenderness of the cervical and lumbar spine and discomfort in the lateral range of motion of the cervical spine.  AR 470.  Ultimately, Dr. Deschene referred Plaintiff to a specialist and recommended using "ibuprofen . . . as needed for pain," taking "Flexiril before bed," and "[a]voiding lifting or strenuous activity until back pain improves."  AR 471.

The ALJ found this opinion "at best only partially persuasive."  AR 57.  He noted that Dr. Deschene's opinion was rendered less than a year after the AOD and did "not necessarily reflect claimant's functional status over any 12-month period" since the AOD.  *Id.*  Further, he stated that the opinion was "vague, as the medical provider has not provided a comprehensive function-by-function analysis of the claimant's limitations."  *Id.*

Plaintiff contends that the ALJ failed to evaluate Dr. Deschene's medical opinion consistent with the factors set out in 20 C.F.R. §§ 404.1520c and 416.920c.  Pln.'s Br. at 17-19. She argues that the ALJ discounted Dr. Deschene's medical opinion without discussing its supportability and consistency, and improperly discounted the opinion as vague without further developing the record.  Pln.'s Br. at 18-19.

An ALJ must "articulate . . . how persuasive" he finds "all of the medical opinions" in a claimant's case record.  20 C.F.R. § 404.1520c(b).  An ALJ may do so on a source-by-source basis, considering multiple opinions offered by the same medical source in a single analysis.  20

C.F.R. § 404.1520c(b)(1).  The Regulations provide a variety of factors for an ALJ to consider

when evaluating the persuasiveness of a medical source's opinion, including supportability,

consistency, the source's relationship with the claimant, and any source specialization.  20

C.F.R. § 404.1520c(c).  Of these factors, supportability and consistency are the most important.

20 C.F.R. § 404.1520c(b)(2).  Accordingly, while an ALJ need not explain how he considered

most of the above factors, he must "explain how [he] considered the supportability and

consistency factors for a medical source's medical opinions."  *Id.*

The factor of supportability looks inward, evaluating persuasiveness of a medical opinion

as a function of "the objective medical evidence and supporting explanations presented by a

medical source . . . to support his or her medical opinion(s)."  20 C.F.R. § 416.920c(c)(1).  The

factor of consistency, on the other hand, looks outward, measuring persuasiveness in terms of the

medical opinion's congruence "with the evidence from other medical sources and nonmedical

sources in the claim."  20 C.F.R. § 416.920c(c)(2).  "An ALJ cannot reject an examining or

treating doctor's opinion as unsupported or inconsistent without providing an explanation

supported by substantial evidence."  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Properly evaluating medical opinion evidence "does not hinge on whether the ALJ used the

magic words 'consistency' and 'supportability,' but whether the ALJ actually analyzed those

factors in evaluating the state agency medical consultants' opinions."  *Ashley A. V. v. Kijakazi*,

Case No. 1:22-cv-00288-REP, 2023 WL 3604460, at *4 (D. Idaho May 22, 2023)); *accord*

*Ramirez v. Comm'r of Soc. Sec. Admin.*, No. CV-21-02163-PHX-JAT, 2022 WL 3443677, at *7-

8 (D. Ariz. Aug. 17, 2022) (finding an ALJ's evaluation of medical opinion evidence proper,

even though the ALJ did "not . . . expressly use[] words like 'supportability' or 'support'").

**REPORT AND RECOMMENDATION - 10**

Contrary to Plaintiff's arguments, the ALJ properly relied on vagueness to find Dr. Deschene's medical opinion only partially persuasive. "[F]indings related to the vagueness of [an] opinion relate to the supportability of the medical opinion[.]" *Cruz v. Kijakazi*, Case No. 1:21-cv-1248 JLT HBK, 2023 WL 4074773, at *4 (E.D. Cal. June 20, 2023). An ALJ, in finding an opinion non-persuasive based on vagueness, necessarily discusses supportability because that factor is aimed at the adequacy of a medical source's explanation for their opinion. *Roxane D. v. Kijakazi*, Case No. 21-cv-2656 (JRT/DTS), 2023 WL 2838121, at *3 (D. Minn. Feb. 13, 2023). In other words, a vague opinion is not supported by a sufficient explanation, and therefore, may be less persuasive. *See Cruz*, 2023 WL 4074773 at * 4. The ALJ here did not err in noting that Deschene's medical opinion is vague, as it only recommended that Plaintiff "[a]void lifting or strenuous activity until back pain improves" but did not explain that recommendation with a function-by-function analysis.[3]

However, the ALJ did err in failing to address whether Dr. Deschene's opinion was consistent with the rest of the medical record. Defendant argues that the ALJ discussed consistency by noting that "[t]he opinion was rendered within 12 months of the alleged onset date and does not necessarily reflect claimant's functional status over any 12-month period." AR 57; Def.'s Br. at 5. The Court disagrees. A statement that a medical opinion "does not necessarily reflect" a functional status over a twelve-month period says nothing about whether that opinion is, in fact, consistent with other medical evidence on the record. The ALJ, therefore, erred by not discussing the consistency factor.

---

[3] Plaintiff also argues that the ALJ, in finding that Dr. Deschene's medical opinion was vague, should have recontacted her to clarify the opinion. Pln.'s Br. at 19. However, an ALJ's duty to develop the record is not triggered under the circumstances here, where the record contains "years of . . . health records and multiple opinions from non-examining [medical sources] to inform" the decision. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).

**REPORT AND RECOMMENDATION - 11**

That said, "[e]rror alone is not enough to demand reversal." *Lisa L. R. v. Kijakazi*, Case. No. 21-cv-00418-REP, 2023 WL 356168, at *4 (D. Idaho Jan. 23, 2023) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1053-54 (9th Cir. 2012)). "In addition to showing error, a plaintiff must also make a fact-specific showing that such error was prejudicial." *Id.* An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). Thus, if the Court can "confidently conclude that no reasonable ALJ . . . could have reached a different disability determination" even if the medical opinion had been fully credited, the error in failing to evaluate the consistency factor would be harmless. *Id.*

Plaintiff has not carried her burden to establish prejudicial error. Indeed, Plaintiff does not offer any explanation as to how her disability determination would have changed had the ALJ properly evaluated Dr. Deschene's medical opinion. *See* Pln.'s Br. at 18-20. The ALJ did not outright reject Dr. Deschene's opinion, he only found it to be "partially persuasive." AR 57. Moreover, even assuming that the ALJ found Dr. Deschene's opinion that Plaintiff "[a]void lifting and strenuous activity until back pain improves" completely persuasive, the ALJ appears to have accounted for Dr. Deschene's opinion in the RFC by "imposing limitations to less strenuous physical activity with some additional postural and environmental limitations[.]" AR 50-51. So, even if Dr. Deschene's opinion had been assigned full persuasive value, the Court can confidently conclude that the ALJ's findings at step four or five would be unchanged. Consequently, any error in failing to address the consistency factor as it relates to that opinion was harmless.

## IV.  <u>RECOMMENDATION</u>

Based on the foregoing, IT IS HEREBY RECOMMENDED that the decision of the Commissioner be **AFFIRMED**,  and this action be **DISMISSED** in its entirety, with prejudice.

**REPORT AND RECOMMENDATION - 12**

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED:  August 16, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 13**