UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHRYN A. C.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:23-cv-00002-DCN-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

On January 7, 2020, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging a disability onset date of December 28, 2018. Plaintiff, a woman in her twenties, has a medical history that includes a spinal disorder, migraine headaches, obesity, depression, and anxiety.

Plaintiff's claim was denied in November 2020 and again on reconsideration in June 2021. Plaintiff subsequently requested a hearing in front of an Administrative Law Judge ("ALJ"), and a video hearing was held by ALJ Stephen Marchioro on December 15, 2021. The ALJ found that Plaintiff suffered from several severe impairments, but concluded that these impairments did not, singly or in combination, meet the severity of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her request to review. This made the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

With her administrative remedies exhausted, Plaintiff sought this Court's review of

the ALJ's decision. Dkt. 1. The Clerk of the Court randomly assigned the case to United States Magistrate Judge Raymond E. Patricco. Dkt. 6. Because not all parties consented to Judge Patricco's jurisdiction, the case was reassigned to the undersigned. Nevertheless, consistent with the District of Idaho's standard practice, the undersigned referred this case back to Judge Patricco for all matters. Dkt. 10. On August 16, 2023, Judge Patricco issued a Report and Recommendation (the "Report") in this matter recommending that: (1) the decision of the Commissioner be affirmed and (2) this action be dismissed in its entirety, with prejudice. Dkt. 19, at 12. Pursuant to statute, Judge Patricco gave the parties fourteen days to file written objections to the Report. *Id.* at 13; *see* 28 U.S.C. § 636(b)(1). Plaintiff filed an Objection (Dkt. 20) and the Commissioner responded (Dkt. 21). The matter is now ripe for the Court's review.

For the reasons stated below, the Court accepts and adopts the Report in its entirety. The Court adds a few words by way of explanation to address Plaintiff's Objections.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Where, as here, a party objects to the report and recommendation, this Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made." *Id.*

For the Court to uphold the Commissioner's decision, it must be both supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if

there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla, but less than a preponderance, of evidence. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.

Put differently, the Court's role in this instant case is not to decide whether the ALJ was correct. The Court's only role is to determine whether the ALJ's decision was reasonable and supported by substantial evidence. Only if the ALJ was unreasonable can the Court strike down the decision made by the Commissioner.

### III. DISCUSSION

In her Objection, Plaintiff raises two points of error. First, she contends that the ALJ's decision "fails to point to any explanation as to why the RFC lacks any limitation to account for Plaintiff's limitations in concentration, persistence and pace." Dkt. 20, at 1–2. Second, Plaintiff argues the ALJ's failure to properly discuss one proffered medical opinion constituted prejudicial error. After weighing the evidence, Judge Patricco

concluded that the ALJ's RFC findings were consistent with the medical record and that the corresponding RFC limitation to simple, routine tasks adequately accounted for Plaintiff's limitations in concentration, persistence, and pace. He also found that although the ALJ did err in failing to address the consistency of one doctor's opinion with the rest of the medical record, that error was "inconsequential to the ultimate nondisability determination" and, therefore, harmless. Dkt. 19, at 11–12 (quoting *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). After a *de novo* review, the Court agrees and adopts the Report in its entirety.

### A. Adequacy of RFC Limitations Analysis

When assessing a claimant's RFC, the Social Security Administration has outlined that "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996) at *5 (cleaned up). While an ALJ's Paragraph B[1] mental function analysis itself is not an RFC assessment, "when an ALJ performs the Paragraph B analysis and indicates the 'degree of limitation' is incorporated into the RFC, this is sufficient to carry the burden imposed by the Regulations." *Van Houten v. Berryhill*, 2019 WL 691200, at *14 (E.D. Cal. Feb. 19, 2019).

Here, the ALJ both indicated that the degree of limitation found in his Paragraph B

---

[1] 20 CFR, Part 404, Subpart P, Appendix 1–Listing of Impairments, sets forth four broad functional areas of mental functioning for evaluating mental disorders. These four areas are known as the "Paragraph B" criteria.

MEMORANDUM DECISION AND ORDER - 4

analysis was incorporated in his RFC evaluation, *and* independently considered Plaintiff's mental impairments in his RFC evaluation. *See* Dkt. 12, at 52–60. In his Paragraph B analysis, the ALJ determined Plaintiff has only a "no more than moderate limitation" in concentrating, persisting, or maintaining pace. *Id.* at 53. In support of this determination, the ALJ noted that Plaintiff is able to independently handle tasks such as personal care and care for her pets, attending school, traveling, utilizing a computer, and shopping. *Id.* That analysis was then expressly incorporated into the ALJ's RFC determination. *Id.* at 54 ("The following residual functional capacity assessment reflects the degree of limitation . . . found in the 'paragraph B' mental function analysis."). Because the ALJ incorporated his analysis of the mental health evidence and the degree of limitation found in the Paragraph B analysis into his RFC determination, the ALJ did not err in reaching his RFC determination. Having already met his burden, the ALJ went one step further and conducted an even more detailed consideration of Plaintiff's mental impairment evidence in reaching the RFC determination, examining reports from more than ten medical professionals and consultants who evaluated Campbell. Dkt. 12, at 57–63.

Plaintiff cites *Hutton v. Astrue*, 491 Fed. Appx. 850 (9th Cir. 2012), in support of her argument that the ALJ failed to account for her concentration limitations in the RFC determination. Dkt. 20, at 2–3. In that case, the court found the ALJ erred because the ALJ categorically excluded the Plaintiff's PTSD from consideration in the RFC determination after previously making a finding that the Plaintiff's PTSD did exist. *Hutton*, 491 Fed. Appx. at 851. "Th[at] exclusion was legal error." *Id*. at 850. This case is distinguishable. Here, the ALJ did not categorically exclude any of the Plaintiff's mental health

MEMORANDUM DECISION AND ORDER - 5

impairments from consideration in his RFC determination; in fact, the ALJ expressly considered all Plaintiff's mental limitations, including concentration, persistence, and pace, in reaching his determination. Dkt. 12, at 57–63. The ALJ provided an extensive factual basis for his conclusions in a nearly ten-page RFC analysis considering the medical evidence in the record, and that evidence identified no specific limitations regarding Plaintiff's concentration beyond the ALJ's already-included limitation to simple, routine tasks. Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

### B. Harmlessness of Medical Opinion Evidence Error

Plaintiff also objects to Judge Patricco's recommendation on grounds that he improperly concluded that the ALJ's failure to address whether Dr. Deschene's opinion was consistent with the rest of the record was harmless error.

One piece of medical evidence Plaintiff proffered was a July 2019 evaluation from Kristen Deschene, M.D. regarding her chronic back pain. After identifying mild paraspinal tenderness and discomfort, Dr. Deschene recommended Plaintiff take ibuprofen for pain, Flexeril before bed, and "avoid lifting or strenuous activity until back pain improves." Dkt. 19, at 9. The ALJ concluded that this opinion was "only partially persuasive" because it was vague and did not give a "comprehensive function-by-function analysis of [Campbell's] limitations." *Id.*

An ALJ must articulate how persuasive he finds the medical opinions in a claimant's case record. 20 C.F.R. § 404.1520c(b). Factors to be considered in evaluating the persuasiveness of a medical source's opinion include supportability, consistency, the

source's relationship with the claimant, and any source specialization. 20 CFR § 404.1520c(c). Although an ALJ need not articulate his consideration of all factors used to assess persuasiveness, he must at a minimum "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions." 20 C.F.R. § 404.1520c(b)(2).

> As Judge Patricco correctly noted:
>
> The factor of supportability looks inward, evaluating persuasiveness of a medical opinion as a function of "the objective medical evidence and supporting explanations presented by a medical source . . . to support his or her medical opinion(s)." 20 C.F.R. § 416.920c(c)(1). The factor of consistency, on the other hand, looks outward, measuring persuasiveness in terms of the medical opinion's congruence "with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2).

Dkt. 19, at 10.

Here, the ALJ properly articulated the lack of supportability in Dr. Deschene's testimony by finding that testimony vague. *See Cruz v. Kijakazi*, 2023 WL 4074773, at *4 (E.D. Cal. June 20, 2023) ("[F]indings related to the vagueness of [an] opinion relate to the supportability of the medical opinion . . . ."). Dr. Deschene's opinion vaguely recommended Plaintiff avoid strenuous activity and heavy lifting but did not specifically identify (1) what constituted strenuous activity, (2) the amount of weight Plaintiff could safely lift, or (3) for how long such activities should be avoided. Thus, the ALJ adequately articulated his consideration of supportability in weighing the persuasiveness of Dr. Deschene's testimony.

However, as Judge Patricco noted in his recommendation, the ALJ failed to articulate the consistency of Dr. Deschene's testimony with the rest of the record. Dkt. 19,

MEMORANDUM DECISION AND ORDER - 7

at 11–12. But error alone is not enough to warrant reversal; that error must also be prejudicial. *Lisa L. R. v. Kijakazi*, 2023 WL 356168, at *4 (D. Idaho Jan. 23, 2023). Here, the ALJ's error in failing to articulate the consistency of Dr. Deschene's testimony with the rest of the medical record was harmless because the ALJ nonetheless incorporated Dr. Deschene's recommendations in his RFC determination, which imposed "limitations to less strenuous physical activity with some additional postural and environmental limitations." Dkt. 12, at 56–57. Accordingly, the Court agrees with Judge Patricco's recommendation and overrules Plaintiff's objection on this ground.

## IV. CONCLUSION

The Court finds the ALJ provided legitimate reasons, supported by substantial evidence, for reaching his RFC determination. Furthermore, the ALJ's error in failing to articulate the consistency of Dr. Deschene's opinion with the rest of the medical record was harmless. Therefore, the Court AFFIRMS the Report, DENIES the Petition for Review (Dkt. 1), and DISMISSES this action in its entirety, with prejudice.

## V. ORDER

NOW, therefore, **IT IS HEREBY ORDERED**:

1. Plaintiff's Objections (Dkt. 20) are OVERRULED.

2. The Report and Recommendation entered on August 16, 2023 (Dkt. 19) is INCORPORATED and ADOPTED in its entirety;

3. The Petition for Review (Dkt. 1) is DENIED.

4. The Commissioner's decision is AFFIRMED.

5. This action is DISMISSED with prejudice and CLOSED.

6. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58 and 42 U.S.C. § 405(g).

DATED: March 26, 2024

_____
David C. Nye
Chief U.S. District Court Judge